# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### IN ADMIRALTY

CASE NO.   06-23040-Civ-Graham
Magistrate Judge O'Sullivan

GREAT LAKES REINSURANCE
(UK) PLC, a foreign corporation,

       Plaintiff,

vs.

CANCERIAN LLC, a Delaware
Corporation, JAMES TIGANI, JR.
and MARK BENNETT, Individually,

       Defendants.

_____/

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, GREAT LAKES REINSURANCE (UK) plc (hereinafter referred to as "GREAT LAKES"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§2201 et seq., hereby files its Amended Complaint for Declaratory Judgment against the Defendants, CANCERIAN LLC, a Delaware Corporation and JAMES TIGANI, JR. and MARK BENNETT, individually, as follows:

1.     This is an action for declaratory relief on a policy of marine insurance that is within this Court's admiralty and maritime jurisdiction arising under 28 U.S.C. §1333. The Complaint herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.     The Plaintiff, GREAT LAKES, is a foreign insurance entity incorporated and existing under the laws of the United Kingdom, with its principal place of business in London, and at all times material hereto issued, via its underwriting agent TL Dallas (Special Risks) Ltd., a Temporary

Cover Note, valid for 30 days only, providing temporary coverage to the Defendant, CANCERIAN LLC, for its 46' Sunseeker motor yacht. (*See*, Temporary Cover Note dated June 20, 2005 attached hereto as Exhibit "A".)

3.     The Defendant, CANCERIAN LLC, is upon information and belief a limited liability corporation organized and existing under the laws of the State of Delaware and, at all times material hereto, was the owner of a 46' Sunseeker motor yacht for which the Plaintiff issued the Temporary Cover Note attached hereto as Exhibit "A".

4.     On May 3, 2005, the Defendants, JAMES T. TIGANI, JR. (hereinafter "TIGANI") and MARK BENNETT (hereinafter "BENNETT"), applied for the subject insurance via the their insurance agent, Acordia Southeast.  Pursuant to the Defendants' request, Acordia prepared and forwarded a quote to marine insurance broker, Strickland Marine Insurance, Inc., in Charleston, South Carolina, requesting coverage for a 2002 46' Sunseeker valued at $405,000. (*See*, May 3, 2005 Fax and Quote Request from Acordia to Strickland Marine Insurance, attached as Composite Exhibit "B".)

5.     In response to Acordia's request, Tara B. Gaynor in the Yacht Department at Strickland Marine Insurance forwarded the Acordia Quote Request to marine insurance broker, Schaeffer & Associates, Inc., in Atlanta, Georgia, stating "please quote and advise." (*See*, May 3, 2005 fax from Strickland Marine Insurance to Schaeffer & Associates attached as Composite Exhibit "C".)  Thereafter, Schaeffer & Associates forwarded the Quote Request to  TL Dallas (Special Risks), Ltd.  (*See*, Janet Schaeffer's Email dated May 3, 2005 attached as Exhibit "D".) The following day, on May 4, 2005, Neil Burton at TL Dallas sent a Quotation to Janet Schaeffer at

Schaeffer & Associates for the subject risk.  (*See*, TL Dallas' May 4, 2005 Quotation attached as Exhibit "E".)

6.      On May 5, 2005, Tara Gaynor at Strickland Marine Insurance faxed a "Yacht Insurance Proposal" to Anny Pandolfo at Acordia providing the insurance quote for TIGANI and BENNETT. (*See*, Strickland Marine's fax and Yacht Insurance Proposal dated May 5, 2005 attached as Composite Exhibit "F".) Thereafter, Acordia Southeast advised Strickland Marine Insurance that "the boat will be titled in the name of Cancerian, LLC," a Delaware corporation, and, accordingly, Schaeffer advised TL Dallas on June 17, 2005 that "[w]e have just been advised that this policy is going to be in the name of an LLC (Cancerian, LLC)." (See, Acordia Fax dated June 10, 2005, attached as Exhibit "G" and Schaeffer E-mail dated June 17, 2005 attached as Exhibit "H".)

7.      Based on the foregoing, a Temporary (30-day) Cover Note was issued on June 20, 2005 to the Defendant, CANCERIAN LLC, for the subject 46' Sunseeker, underwritten "100% Great Lakes Reinsurance (UK) plc." (*See*, Temporary Cover Note attached as Composite Exhibit "A".) Faxed confirmation was sent by TL Dallas to CANCERIAN's broker, Schaeffer & Associates, on June 20, 2005 confirming that coverage had been temporarily bound under the TL Dallas Yacht Facility - - valid 30 days only - - and requesting a new signed and completed TL Dallas application, noting that "unless FULL documentation is received the risk will be cancelled from inception." (*See*, TL Dallas fax dated June 20, 2005 attached as Exhibit "I.)

8.      A second fax was dispatched by TL Dallas to Schaeffer & Associates on July 5, 2005 advising that a new signed and completed TL Dallas application was required, that the Temporary Cover Note was only valid for an additional 15 days and, further, "if documentation is not received

in this space of time, these risks will be cancelled from inception." (*See*, TL Dallas Fax dated July

5, 2005 attached as Exhibit "J".)  Fifteen days later on July 20, 2005, Alex Thomas at TL Dallas sent

a third fax notification to Schaeffer & Associates regarding "outstanding documentation," noting

that "the following cover notes have passed the 30 days allowed to present documentation, **FLAT**

**(FROM INCEPTION)** cancellation will be processed unless missing documentation is received in

one week." (*See,* TL Dallas Fax dated July 20, 2006 attached as Exhibit "K.)

9.      Ten days later, on August 1, 2005, TL Dallas sent a fourth fax to Schaeffer &

Associates advising that TL Dallas was still awaiting receipt of the TL Dallas application form and,

further, stating that "if this is not received within seven days the risk will be cancelled **FROM**

**INCEPTION** (as per our chaser faxes)." (*See*, TL Dallas Fax dated August 1, 2005 attached as

Exhibit "L".)

10.      Finally, on September 7, 2005, TL Dallas dispatched a Policy Endorsement to

Schaeffer & Associates, advising that "coverage hereunder is cancelled from inception for failure

to supply documentation." (*See*, Policy Endorsement/Notice of Cancellation dated September 7,

2005 attached as Exhibit "M".)

11.      In light of the foregoing, the Temporary [30-day] Cover Note was cancelled from

inception by TL Dallas,  pursuant to the policy endorsement and notice of cancellation dispatched

on September 7, 2005 to CANCERIAN's broker, Schaeffer & Associates, in Georgia. (*See*, Exhibit

"M".)  Over two months later, on or about November 13, 2005, a guest on the subject vessel was

injured and, thereafter, on August 18, 2006 the guest filed suit against TIGANI and BENNETT

alleging negligent operation of the vessel and seeking damages for personal injuries. TIGANI and

BENNETT (and/or an entity acting on their behalf) allegedly paid the claimant the sum of $100,000

for which TIGANI and BENNETT now seek reimbursement pursuant to the Temporary Cover Note

issued by the Plaintiff, GREAT LAKES, to the Defendant, CANCERIAN LLC.

12.     The Plaintiff's Temporary Cover Note (Exhibit "A") was originally issued for 30 days

only, effective June 17, 2006.  Thereafter, the Plaintiff's underwriting agent, TL Dallas, made

repeated attempts, without success, to obtain additional information and documentation required to

permanently bind coverage.  In each instance, TL Dallas corresponded with CANCERIAN's broker

in Georgia, Schaeffer & Associates, advising that the additional documentation was needed and,

further, that failure to provide the requested documentation would lead to cancellation of the

coverage from inception. (See, Exhibits "I", "J", "K" and "L".)

13.     After the repeated attempts to obtain the required documentation failed, the Plaintiff's

underwriting agent, TL Dallas, dispatched its September 7, 2006 notice of cancellation to

CANCERIAN's broker, Schaeffer & Associates, advising that "[c]overage hereunder is cancelled

from inception for failure to supply documentation." (Exhibit "M".)

14.     The policy of insurance includes, in pertinent part, the following terms and

conditions:

### 9. General Conditions & Warranties

**(I)**     It is hereby agreed that your brokers or any substituted brokers (whether
surplus line approved or otherwise), shall be deemed to be exclusively the
agents of you and not of us in any and all matters relating to, connected with
or affecting this insurance.  Any notice given or mailed by or on behalf of us
to the said brokers in connection with or affecting this insurance, or its
cancellation, shall be deemed to have been delivered to you.

See, Policy Wording, Section 9(i), page 9, attached as Composite Exhibit "N".

15.    Section 1 of the Policy defines "You and your" as "the insured named on the declaration page."  In addition, "we, us and our" are defined as "the insurers named on the declaration page or accompanying schedule of insurers." (*See* Policy Wording, sub-sections 1a and 1b, page 1, attached as Composite Exhibit "N".)  The named insured on the Temporary Cover Note is "CANCERIAN LLC"; and the named insurer is "Great Lakes Reinsurance (UK) plc."  (See, Exhibit "A".)

16.    The Defendants TIGANI and BENNETT now seek to recover under the Temporary Cover Note issued to CANCERIAN LLC (which was cancelled from inception on September 7, 2006) for a liability incurred by the Defendants, TIGANI and BENNETT, as a result of injuries allegedly sustained by a guest on the subject vessel on November 13, 2006, sixty-seven days after coverage was cancelled.

17.    Plaintiff has brought this action pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question in actual controversy between the parties regarding the cancellation and/or existence of coverage for the third-party liability claim against the Defendants arising on or about November 13, 2005.

WHEREFORE, the Plaintiff, GREAT LAKES REINSURANCE (UK) PLC, respectfully requests the Court to adjudge that the Plaintiff, by and through its underwriting agent TL Dallas, issued to CANCERIAN LLC a Temporary Cover Note (Exhibit "A") and, thereafter, a notice of cancellation of coverage on July 5, 2005 (Exhibit "J"), on July 20, 2005 (Exhibit "K"), on August 1, 2005 (Exhibit "L") and/or on September 7, 2006 (Exhibit "M") cancelling the subject marine insurance flat from its inception due to the failure to provide the requested and required underwriting

documentation, and, therefore, GREAT LAKES has no contractual obligation to the Defendants to provide coverage for the personal injury claim that arose on or about November 13, 2005.  On this basis, Plaintiff respectfully requests the court to enjoin and restrain Defendants from instituting any action against Plaintiff for recovery under the policy or Temporary Cover Note or any part thereof, or for failure to pay the third-party claim, pending determination of this action and to declare that the obligations of the Plaintiff herein are non-existent or limited in a manner to be proven at the time of trial.

Dated this 19th day of December 2006.

Respectfully submitted,

/s/ Jonathan W. Skipp
JONATHAN W. SKIPP
Florida Bar No. 710570

HORR, NOVAK & SKIPP, P.A.
Attorneys for Plaintiff
One Datran Center, Suite 1104
9100 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: 305-670-2525
Telefax: 305-670-2526

# T L Dallas

## Temporary Cover Note

### Valid for 30 Days Only

(Special Risks) Ltd.

Dalesway House
Ilkley, LS29 9LA
Tel: 01943 811000
Fax: 01943 601854

### Policy No: 200/658/ 65441

In accordance with your instructions we have effected the following cover on your behalf subject to the terms and conditions in the policy wording and endorsements attached.

| Assured : | Producer : |
|---|---|
| Cancerian LLC<br>940 Northlake Way<br>Palm Beach<br>FL 33488 | Schaeffer & Associates<br>343 8th Street<br>Suite T4<br>Atlanta<br>GA 30309 |

*H — 3359.15*
*P01 — 312.30*
*Crew — 357.30*
*Med — 55·00*
*Poll — 60·00*
*6665*

| | | | |
|---|---|---|---|
| **Vessel Name:** | TBA | **Model:** | Motor Yacht |
| **Year:** | 2002 | **Maker:** | Sunseeker |
| **ID Number:** | PLEASE SUPPLY | **Length:** | 46 ' |
| **Engines:** | Diesel | **Type:** | Volvo Twin 480hp |

**Period of Cover:** With effect from   June 17, 2005 00.01 LST  to   June 17, 2006 00.01 LST

## Cover and Respective Insured Limits:

| Section: | Sum Insured: | Deductible: |
|---|---|---|
| A) Hull | 445,000 | 8,900 |
| Tender | Not Covered | |
| Towing | Not Covered | |
| B) P + I | 500,000 | 500 |
| Crew Liability | 500,000 | 2,500 |
| Commercial Passenger Liability | Not Covered | |
| C) Medical Payments | 5,000 | 100 |
| D) Uninsured Boaters | 25,000 | 500 |
| E) Trailer | Not Covered | |
| F) Personal Property | Not Covered | |

**Total Premium :**   US$ 6665.00 C.R.O. + US$25 Certificate Fee.

In the event of cancellation by the Assured minimum of 25% of premium deemed earned.
All fees earned at inception.



EXHIBIT

A

**Continuation Cover Note for Policy No: 200/658/ 65441**

| | |
|---|---|
| **Laid Up Period :** | None |
| **Navigational Limits :** | East Coast USA and Bahamas - Not to exceed 150 miles offshore. |
| **Conditions :** | as per TLD/3/PPO |
| **Warranties:** | Warranted Private and Pleasure use only amended to include one paid captain. |
| | Named Windstorm Deductible Clause. |
| **Endorsements :** | Limited Pollution Coverage Endorsement |
| **Special Warranties or Conditions :** | Warranted vessel not south of Tropic of Cancer |

**Security as approved and agreed by you:**

100% Great Lakes
Reinsurance (UK) plc per
Belmarine SA contract no:
200/658

**Loss Payee :**  Assured

Date :   Monday, June 20, 2005

.......................................................................

For and on behalf of Participating Underwriters

MAY-27-2000(SAT) 00:02                                                P. 020/034
Jul. 11. 2006  5:26PM                            No. 0944   P. 9

501 SOUTH FLAGLER DRIVE #800
WEST PALM BEACH, FL 33401
PHONE  #561-655-5500
FAX #551-655-5509

**ACORDIA**

# Fax

| To: | DIANE | From: | ANNY PANDOLFO |
|---|---|---|---|
| Fax: | 1-843-762-2308 | Pages: | 2 |
| Phone: | | Date: | 05/03/05 |
| Re: | TISANI/BENNETT | CC: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

Diane,

Please quote the attached boat which they plan to title in both names.

Please also advise if the premium would be different if it was titled in the name of a LLC.

Thanks,

Anny

**EXHIBIT**

**B**

MAY-27-2000(SAT) 00:02                                                                P. 021/034
Jul. 11. 2006  5:26PM                                         No. 0944   P. 10

QUOTE REQUEST

AGENT: Amy Pandolfo  FROM: Acordia  DATE: 5/03/05
INSURED: James T Tigani & Mark M Bennett  ADDRESS: 940 Northlake Way, Palm Beach, FL
YEAR: 2002  MFG: Sunseeker  MODEL: Camargue 44  LENGTH: 46  53 41

BEAM:_____  HULL CONSTRUCTION: fiberglass
DATE OF PURCHASE: Pending  PURCHASE PRICE: 405,000  PRESENT VALUE: 405,000
# OF ENGINES: 2  ENG. YR./MFG: '02 Volvo Penta  HP(EA./TOTAL): 480  TYPE:____ FUEL: Diesel
TOP SPEED: 45

VHF:____  RADAR:____  LORAN:____  DEPTH SOUNDER:____  HALON:____  OTHER:____
PRIVATE PLEASURE: Yes  LIVE ABOARD: No  CHARTER (IF YES, HOW MANY PER YEAR): No
TRAILER: None  VALUE:____  TENDER:____  VALUE:____
EXACT VESSEL LOCATION: Moored behind home on Davits
LAY UP/EXACT LOCATION & MONTHS: None
CAPTAIN OR CREW (IF YES, HOW MANY OF EACH): No

IF YES, GIVE DETAILS OF CAPT. AND CREW____
NAVIGATION LIMITS: Atlantic Coast including Bahamas
OPERATORS: ( IS INSURED AN ABSENTE OWNER          YES     NO )
NAME: James  DOB: 7/10/37  ACCV/OL: 0  OCC: 0
NAME: Mark  DOB: 7/14/62  ACCV/OL: 0  OCC: 0

YEARS EXPERIENCE          BOATING COURSES          PRIOR OWNED VESSELS
10 years                  0                        1992 Fourwinds Bowric

LOSSES PAST FIVE YEARS – LIST IN DETAIL ( IF NONE, STATE NONE): 0

X-DATE:____          PREMIUM:____
HULL VALUE: $ 405,000          TRAILER: $ 0
HULL DED: 1%  (2%)  3%  4%          TENDER: $ 0
P&I (LIABILITY) $ 500,000          UNINSURED BOATERS $ 500,000
MED PAY: $ 5,000          TOWING: $ Quote
PERSONAL EFFECTS: $____          ELECTRONICS: DED $____

CIRCLE:  SCHEDULED OR UNSCHEDULED

MAY. -03' 05 (TUE) 13:23    STRICKLAND MARINE          TEL:18437622308          P. 001/002

## STRICKLAND
## MARINE INSURANCE, INC.

| ATTENTION: Janet | From: Tara B. Gaynor |
|---|---|
| Company: S & A | Yacht Department |
| Fax number: 23 | Date: 5/3/05 |
| | Phone number: |

[ ] Urgent  [X] Reply ASAP  [ ] Please comment  [ ] Please review  [ ] For your information

Total pages, including cover:  2

Comments:

# PLEASE QUOTE AND ADVISE

Additional Notes:

THANK YOU-
TARA

125-D WAPPOO CREEK DRIVE ♦ SUITE 3 ♦ CHARLESTON, SC ♦ 29412
OFFICE: 843.795.4555 ♦ FAX: 843 762.2308 ♦ TOLL FREE: 800.446.1867


EXHIBIT
C

MAY. -03' 05 (TUE) 13:23    STRICKLAND MARINE        TEL:18437622308      P. 002/002

05/03/2005  11:37    8389616                                            PAGE  02/02

## QUOTE REQUEST

AGENT: _____ FROM: _____ DATE: 5/03/05

INSURED: James T Tigani + Mark M Bennett ADDRESS: 940 Northlake Way, Palm Beach, FL 33408

YEAR: 2002 MFG: Sunseeker MODEL: Camarque 44 LENGTH: 46

BEAM: _____ HULL CONSTRUCTION: fiberglass

DATE OF PURCHASE: Pending PURCHASE PRICE: 405,000 PRESENT VALUE: 405,000

# OF ENGINES: 2 ENG. YR./MFG: '02 Volvo Penta HP(EA./TOTAL): 480 TYPE: ____ FUEL: Diesel

TOP SPEED: 45

VHF: ___ RADAR: ___ LORAN: ___ DEPTH SOUNDER: ___ HALON: ___ OTHER: ___

PRIVATE PLEASURE: Yes LIVE ABOARD: No CHARTER(IF YES, HOW MANY PER YEAR): No

TRAILER: None VALUE: _____ TENDER: _____ VALUE: _____

EXACT VESSEL LOCATION: Moored behind home on Davits

LAY UP(EXACT LOCATION & MONTHS): None

CAPTAIN OR CREW(IF YES, HOW MANY OF EACH): No

IF YES, GIVE DETAILS OF CAPT. AND CREW _____

NAVIGATION LIMITS: Atlantic Coast including Bahamas

OPERATORS: (IS INSURED AN ABSENTE OWNER _____ YES    (NO)

NAME: James DOB: 7/10/37 ACC/VIOL: Ø OCC: Ø

NAME: Mark DOB: 7/16/62 ACC/VIOL: Ø OCC: Ø

YEARS EXPERIENCE  BOATING COURSES    PRIOR OWNED VESSELS
10 years              Ø              1992 Fourwinds Bowrider

LOSSES PAST FIVE YEARS - LIST IN DETAIL (IF NONE, STATE NONE): Ø

X-DATE: _____           PREMIUM: _____

HULL VALUE: $ 405,000             TRAILER: $ Ø

HULL DED: 1% (2%) 3% 4%           TENDER: $ Ø

P&I (LIABILITY): $ 500,000         UNINSURED BOATER: $ 500,000

MED. PAY: $ 5,000                  TOWING: $ Quote

PERSONAL EFFECTS: $ _____        ELECTRONICS: DED $ _____

                                   CIRCLE: SCHEDULED OR UNSCHEDULED

321 A/R 150 mils 2 X.
        Hull    PI
      +15 Nav    -10 oop
      -10 dinot
      +20 speed
      -10 oop

Case 1:06-cv-23040-DLG   Document 3   Entered on FLSD Docket 12/19/2006   Page 14 of 37
Ca                               Document 1   Entered on FLSD Docket 12/18/2006   Page 14 of 37
                                                                              Page 1 of 1

**Neil Burton**

| | |
|---|---|
| **From:** | Janet Schaeffer [Janet@schaefferinsurance.com] |
| **Sent:** | Tuesday, May 03, 2005 6:54 PM |
| **To:** | Neil Burton (E-mail) |
| **Subject:** | Tigania & Bennet Quote requests |

Neil:

Please quote the attached.

Regards,

Janet

---



This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

--
No virus found in this outgoing message.
Checked by AVG Anti-Virus.
Version: 7.0.308 / Virus Database: 266.11.2 - Release Date: 5/2/2005

5/4/2005



EXHIBIT
D

## QUOTATION

**Date :** Wednesday, May 04, 2005
**To :** Janet Schaeffer
**At :** Schaeffer & Associates
**Fax Number :** 001-8153276395
**From :** Neil Burton

## T L Dallas
### (Special Risks) Ltd.
Dalesway House
Ilkley, LS29 9LA
Tel: 01943-811000
Fax: 01943 601854

Quote Ref : 97238

| | | | | |
|---|---|---|---|---|
| **Assured :** | James Tigani & Mark Bennett | | | |
| **Hull Value :** | 405,000 | Deductible : | 8,100 | |
| **Trailer Value :** | | Deductible : | . | |
| **P + I Limit :** | 500,000 | Deductible : | 500 | |
| **Crew P + I :** | | Deductible : | | |
| **Passenger P + I :** | | Deductible : | | |
| **Owner/Operator(M+C) :** | | Deductible : | | |
| **Medical Pay :** | 5,000 | Deductible : | 100 | |
| **Uninsured Boaters :** | 25,000 | Deductible : | 500 | |
| **Personal Property :** | | Deductible : | | |
| **Tender :** | | Deductible : | | |
| **Towing :** | | Deductible : | | |

**Conditions :** As per TLD/3/PPO. Liability excludes paid crew or employees of Assured or fare paying passengers unless stated. 25% minimum premium deemed earned if cancelled by Assured.

**Quote Valid for 60 Days**

**Special Conditions :** Warranted Private and Pleasure use only.  Navigating East Coast USA and Bahamas not exceeding 150 miles offshore. Includes pollution coverage limit $50,000 (within CSL).

**Premium :** $ 5395.00 C.R.O. + $25 Certificate Fee.

The above subject to satisfactory proposal form / Photograph of Vessel.

**Security :** 100% Great Lakes Reinsurance (UK) plc per Belmarine SA contract no: 200/658



EXHIBIT

E

MAY-27-2000(SAT) 00:06                                           P. 022/034
Jul. 11. 2006  5:26PM                              No. 0944   P.  11

JAN.-05 05(THU) 11:49     STRICKLAND MARINE          TEL:18437622308      P. 001/002

 **Strickland Marine Insurance, Inc.**
125D Wappoo Creek Drive, Suite 3 , Charleston, SC 29412

| ATTENTION: | From: |
|---|---|
| _Anny Pandolfo_ | Tara B. Gaynor |
| Company: _Acadia._ | Yacht Department |
| | Date: _5/5/05_ |
| Fax number: _56L-655-550.9_ | Phone number: |

| | Urgent |  | | Reply ASAP |  | | Please comment |  | | Please review |  | | For your information

Total pages, including cover: _2_

Comments:

_Please find a quote for T.gani &
Bennett._

_Thank you._
_Tara_

OFFICE: 843.795.4855 • FAX: 843.762.2308 • TOLL FREE: 800.446.1862

LOCATION:18437622308          RX TIME   05/05 '05 12:00


**EXHIBIT**
F

MAY-27-2000(SAT) 00:06                                                                 P. 023/034
Jul. 11. 2006  5:26PM                                        No. 0944   P.  12

MAY.-27 05(THU) 11:50      STRICKLAND MARINE           TEL:18437622308        P. 003/002

# STRICKLAND MARINE INSURANCE

125 D Wappoo Creek Drive, Suite 3, Charleston, SC 29412
Phone: 843-795-4555  Fax 843-762-2308 Toll Free! 800-448-1952

### YACHT INSURANCE PROPOSAL

6/5/05

| Named Insured | James Triani & Mark Bennett |
| Address | Palm Beach, FL 33461 |
| Yacht Description | 2002 45' Sunseeker |
| Type of Insurance | Yacht |
| Insurance Company | Great Lakes Reinsurance UK PLC A+ |
| Policy Period | 12 Months |
| Agent | Tara Gaynor |

| COVERAGE | LIMIT | DEDUCTIBLE |
|---|---|---|
| HULL (AGREED VALUE) | $405,000 | $8,100 |
| WINDSTORM DEDUCTIBLE | | $18,200 |
| LIABILITY COVERAGE (P&I) | $500,000 | $500 |
| MEDICAL PAYMENTS | $5,000 | $100 |
| UNINSURED BOATERS | $25,000 | $500 |
| TOWING | $0 | |
| TRAILER | $0 | |
| TENDER | $0 | |
| PERSONAL PROPERTY | $0 | |
| POLLUTION COVERAGE | $50,000 of liability | $500 |

Annual Premium: $5,420

Policy Usage: Pleasure use only (No charter activity)

Navigation: East Coast USA and Bahamas – Not to exceed 150 miles offshore.

Additional Coverages: N/A

Options: No additional charge to place in the name of a LLC.

Special Conditions: No flat cancellations, 25% minimum earned, all fees are earned at inception.

Requirements: Completed and signed application must be received within 30 days after binding.

Thank you for the opportunity to quote your vessel. The quote is valid for 45 days.

Sincerely,
Tara Gaynor
Strickland Marine Insurance

LOCATION:18437622308          RX TIME    05/05 '05 12:00

MAY-27-2000(SAT) 00:07

Jul. 11. 2006  5:26PM

P. 025/034

No. 0944   P. 14

JUN-10-2005(FRI)  08:57  ACORDIA                    [FAX]561x389x1b          P.001

Transaction Report
Send
Transaction(s) completed

| No. TX Date/Time | Destination | Duration P.# | Result | Mode |
|---|---|---|---|---|
| 047 JUN-10  08:57 | 918437622308 | 0"00'10"  001 | OK | N ECM |

501 SOUTH FLAGLER DRIVE #600
WEST PALM BEACH, FL 39401
PHONE #561-655-5500
FAX #561-656-5509

**ACORDIA**

# Fax

| To: | Tara Gaynor | From: | Amy Pandolfo |
|---|---|---|---|
| Fax: | 1-843-762-2308 | Pages: | |
| Phone: | | Date: | 06/10/05 |
| Re: | James Tigani | CC: | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☑ Please Recycle

● Comments:

Tara,

Can you redo this quote at $445,000.   Looks like they are going to get a different boat but same year, make and model but more plush.

Also, the boat will be titled in the name of Cancerian, LLC.  They plan to take possession 6/17/05.

Thanks

Hope you have a good weekend.

Amy

6/10/05 -
I forgot to tell you. The boat will be titled in the state of Delaware. But kept in F.
Thanks Amy


EXHIBIT

Case 1:06-cv-23040-DLG   Document 3   Entered on FLSD Docket 12/19/2006   Page 19 of 37
Case 1:06-cv-23040-DLG   Document 1   Entered on FLSD Docket 12/18/2006   Page 19 of 37

Page 1 of 1

**Kathy**

**From:** Janet Schaeffer [Janet@schaefferinsurance.com]
**Sent:** Friday, June 17, 2005 7:28 PM
**To:** Kathy Smith (E-mail)
**Subject:** James Tigani & James Bennett

Katherine:

Sorry!

Janet
We have just been advised that this policy is going to be in the name of an LLC. (Cancerian, LLC) please also be advised that they do not want any personal effects coverage.  I am so sorry for the misunderstanding.

Thanks in advance,

---

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

---

--
No virus found in this outgoing message.
Checked by AVG Anti-Virus.
Version: 7.0.323 / Virus Database: 267.7.7/20 - Release Date: 6/16/2005

#65441
$6,665.00
-20%.

TUD APP


EXHIBIT

6/20/2005

Unit 5 & 6 Dalesway House
South Hawksworth Street
Ilkley
LS29 9LA
Tel: +44 (0) 1943 811000
Fax: +44 (0) 1943 601854
Fax: +44 (0) 1943 601875

**T L Dallas (Special Risks) Ltd.**

# Fax

| **To:** | Janet Schaeffer – Schaeffer & Assoc. | **From:** | Alex Thomas |
|---|---|---|---|
| **Fax:** | Auto | **Date:** | June 20, 2005 |
| **Phone:** | | **Pages:** | 3 |
| **Re:** | Temporary Bind Confirmation | **CC:** | |

•**Comments:** Confirm we have <u>TEMPORARILY</u> bound the following under T L Dallas Yacht Facility.  <u>VALID THIRTY DAYS ONLY,</u> See Attached.

<u>PLEASE ENSURE ALL DOCUMENTATION SENT IN SHOWS THE POLICY NUMBER.</u>

| **Assured** | **Attachment Date** | **Amount** | **Dec No.** |
|---|---|---|---|
| Cancerian LLC | 17th June 2005 | $6,665.00 | 65441 |

Please provide the following in order that we may issue documentation, unless FULL documentation is received the risk will be cancelled from inception.

| Signed app | ☐ | Dated app | ☐ |
|---|---|---|---|
| Completed app showing: | | | |
| **New signed & completed TLD app** | ☑ | Renewal app | ☐ |
| Letter of Compliance | ☐ | Current Out of Water Survey | ☐ |
| Other... | | | |

Regards

*Alex*


EXHIBIT

Unit 5 & 6 Dalesway House
South Hawksworth Street
Ilkley
LS29 9LA
Tel: +44 (0) 1943 811000
Fax: +44 (0) 1943 601854
Fax: +44 (0) 1943 601875

**T L Dallas (Special Risks) Ltd.**

# Fax

| **To:** | Janet Schaeffer – Schaeffer & Assoc | **From:** | Emma Schofield |
|---|---|---|---|
| **Fax:** | Auto | **Date:** | July 5, 2005 |
| **Phone:** | | **Pages:** | 1 |
| **Re:** | Outstanding documentation | **CC:** | |

☑ **Urgent**    ☑ **For Review**    ☐ **Please Comment**    ☑ **Please Reply**    ☐ **Please Recycle**

•**Comments:** <u>PLEASE NOTE THAT DOCUMENTATION WILL NOT BE ACCEPTED IF THE POLICY NUMBER IS NOT SUPPLIED.</u>

The following covernotes will be valid for only **15** more days, please chase the outstanding documentation. If documentation is not received in this space of time, these risks will be cancelled from inception:

| Dec No. | Assured | Attachment Date | Docs Required |
|---|---|---|---|
| 65441 | Cancerian LLC | 17th June 2005 | New signed and completed TLD app |

The following cover notes have passed the **30** days allowed to present documentation, **FLAT (FROM INCEPTION)** cancellation will be processed unless missing documentation is received in one week.

| Dec No. | Assured | Attachment Date | Docs Required |
|---|---|---|---|

Regards,

*Emma*



EXHIBIT

Units 5-6 Dalesway House
South Hawksworth Street
Ilkley
West Yorkshire, LS29 9LA
TEL: 01943-811000
FAX: 01943-601854/601875
alex@special-risks.co.uk

**T L Dallas (Special Risks) Ltd.**

# Fax

| To: | Janet Schaeffer – Schaeffer & Assoc | From: | Alex Thomas |
|---|---|---|---|
| Fax: | Auto | Date: | July 20, 2005 |
| Phone: | | Pages: | 1 |
| Re: | Outstanding documentation | CC: | |

☒ Urgent    ☒ For Review    ☐ Please Comment    ☒ Please Reply    ☐ Please Recycle

**•Comments:** <u>PLEASE NOTE THAT DOCUMENTATION WILL NOT BE ACCEPTED IF THE POLICY NUMBER IS NOT SUPPLIED.</u>

The following covernotes will be valid for only 15 more days, please chase the outstanding documentation.  If documentation is not received in this space of time, these risks will be cancelled from inception:

| Dec No. | Assured | Attachment Date | Docs Required |
|---|---|---|---|
| | | | |

The following cover notes have passed the 30 days allowed to present documentation, **FLAT (FROM INCEPTION)** cancellation will be processed unless missing documentation is received in one week.

| Dec No. | Assured | Attachment Date | Docs Required |
|---|---|---|---|
| 65441 | Cancerian LLC | 17th June 2005 | TLD application form |

Regards,



EXHIBIT

K

5+6, Dalesway House
South Hawksworth Street,
Ilkley, LS29 9LA
Phone: 01943 611000
Fax: 0014 1943 601854 or 001 1943 601875
Email kathy@special-risks.co.uk

**T L Dallas (Special Risks) Ltd.**

# Fax

| To: | Janet Schaeffer – Schaeffer & Assoc | From: | Suzanne Calvert |
|-----|-----|-----|-----|
| **Fax:** | | **Date:** | 1st August 2005 |
| **Phone:** | | **Pages:** 1 | |
| **Re:** | Documents Outstanding. | **CC:** | |

☑ **Urgent**    ☑ **For Review**    ☐ **Please Comment**    ☑ **Please Reply**    ☐ **Please Recycle**

**Comments: PLEASE ENSURE ALL DOCUMENTATION SHOWS THE POLICY NUMBER.**

## URGENT

We are currently waiting for a copy of the following for the below risk. If this is not received within seven days the risks will be cancelled **FROM INCEPTION** (as per our chaser faxes).

| Dec No. | Assured | Docs Required |
|---------|---------|---------------|
| 65441 | Cancerian LLC | TLD application form |

Regards,

EXHIBIT
L



## POLICY ENDORSEMENT

**Endorsement Number :**     **1**

Attaching to and forming part of policy number : 200/658/65441

| Assured : | Producer: |
|---|---|
| Cancerian LLC | Schaeffer & Associates |
| 940 Northlake Way | 343 8th Street |
| Palm Beach | Suite T4 |
| FL 33488 | Atlanta |
| | GA 30309 |

**It is hereby noted and agreed that with effect from : June 17, 2005**

Coverage hereunder is cancelled from inception for failure to supply documentation



**All other terms and conditions remain unaltered.**



Date:   September 07, 2005

.................................................................

Signed in England for and on behalf of
Participating Underwriters.

EXHIBIT
tabbies
m

## PRIVATE AND PLEASURE YACHT INSURING AGREEMENT WORDING

### 1. DEFINITIONS

a)   "You and your" refer to the insured named on the declaration page.

b)   "We, us and our" refer to the insurers named on the declaration page or accompanying schedule of insurers.

c)   "Covered person," means you, or any person detailed on your application form which has been submitted and approved by us. This does not include either a paid captain and/or crew, or a person or organisation, or their employee or agent, operating a marina, boatyard, yacht club, charter operation, sales agency, refuelling dock or similar organisations.

d)   "Scheduled vessel" means the vessel described on the declaration page, including machinery, electrical equipment, sails, masts, spars, rigging, furniture, dinghy, outboard motor and all other equipment normally required for the operation and maintenance of the vessel and which would normally be sold with the vessel.

e)   "Trailer" refers to the insured vessel's trailer, used exclusively for that purpose.

f)   Words of masculine gender are deemed to encompass the female gender and vice versa. Words in the singular are deemed to encompass the plural and vice versa.

g)   "Navigational limits" means all waters as limited and shown on the declaration page unless mutually agreed by us and amended in writing.

h)   "Salvage charges" means those reasonable charges and expenses which are incurred by you if necessary to prevent damage, injury or loss of life and with our permission to prevent or minimise any further loss or damage covered by Section "A" of your insuring agreement.

i)   "Deductible" A deductible is the first amount of any claim, which must be paid by you. If a deductible is applicable to any section of your insuring agreement the amount will be shown on the declaration page and this amount shall be deducted from the amount payable on each admissible claim.

j)   "Bodily injury/property damage" means bodily injury or property damage occurring during the period of this insuring agreement arising from ownership and/or use of the vessel.

k)   "Seaworthy" means fit for the Vessel's intended purpose. Seaworthiness applies not only to the physical condition of the Hull, but to all its parts, equipment and gear and includes the responsibility of assigning an adequate crew. For a vessel to be seaworthy, it and its crew must be reasonably proper and suitable for its intended use.

l)   "Sinking" means when the vessel has sunk as far as is physically possible for the vessel to sink, and is totally submerged under water.

m)   'Family' means any person related to you by blood, marriage or adoption, including wards and foster children.

n)   'Personal Property' means property purchased and owned by you, any covered person, any member of your family, provided that such property is situated on the vessel insured hereunder at the time of the loss, excluding 'scheduled vessel' as defined in (d) above.


EXHIBIT
N

o)   'Race or speed trial' means any event involving speed and or of a competitive nature, including, but not limited to, Regattas and or Rallies. "Preparing for a race or speed trial," means any navigation of the vessel necessary to ensure eligibility of either you or your vessel to participate in a race or speed trial.

p)   "Named Windstorm" damage is damage relating to or resulting from a named windstorm or any numbered tropical weather pattern from the time the "named windstorm" or numbered tropical weather pattern impacts the area and until 72 hours later.

The area of the "named windstorm" or tropical weather pattern is an area encompassed by a circle of radius not exceeding 150 nautical miles from the path of the storm's forward travel.

## 2. INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application form signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

## 3. Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for section "A" of the insuring agreement declaration page, we provide coverage for accidental physical loss of, or damage to scheduled vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

Reasonable expenses incurred by you in attempting to avert or minimise a loss covered by this insuring agreement will be paid by us whether successful or not. These will be paid in addition to the sum insured under section "A" and "F" without application of the insuring agreement deductible, but a coinsurance provision applies whereby we pay 80% and you pay 20% of such expenses. Our maximum liability for these expenses is 80% of the sum insured under section "A" of this insuring agreement.

We will pay salvage charges incurred by you occasioned by a peril covered by this insuring agreement, up to the limit of the sum insured under section "A" of this insuring agreement.

If the Insured vessel shall come into collision with any other ship or vessel and you, in consequence thereof, become legally liable to pay by way of damages to any other person or persons any amount not exceeding the agreed value of the vessel hereby insured, we will reimburse you such amount paid, up to the agreed value hereby insured. If your liability has been contested, and consent has been given by us in writing, we will also pay the costs thereby incurred and paid. If both vessels are to blame then, unless the liability of the owners of one or both vessels becomes limited by law, claims under this section shall be settled on the principles of cross liabilities, as if the owners of each vessel had been compelled to pay the owners of the other vessel(s) such as one half or other proportion of the latter's damages as may have been properly allowed in ascertaining the amount payable by or to you in consequence of such a collision. This principle shall apply in cases where both vessels are owned in part or in whole by you and all questions of responsibility and amount of liability between two vessels shall be left to a single Arbitrator, or if we are unable to agree upon a single Arbitrator then one shall be appointed by you and one shall be appointed by us. The two Arbitrators chosen may then choose a third Arbitrator and the decision of such single, or any two of such three Arbitrators appointed as above shall be final and binding.

In no case shall the foregoing clause extend to cover any amount you become legally liable to pay in respect of removal of obstructions under statutory powers or for injury or damages to Harbours, Wharves, Piers, Stages and similar structures consequent on such collisions, or in respect of the cargo or engagements of the Insured vessel or for loss of life or personal injury.

**TLD/3/PPO**

Whilst the scheduled vessel is afloat theft coverage shall exclude theft or mysterious disappearance of its equipment or personal property unless occurring in conjunction with theft of the entire scheduled vessel or unless there is visible evidence of forcible entry and/or removal; made by tools, explosives, electricity or chemicals.

Whilst the scheduled vessel is on land, coverage is restricted to theft of the entire scheduled vessel including its equipment from a locked garage or locked storage building, or from such other storage place and subject to such other storage conditions, as we have prior approved in writing.

While the scheduled vessel is stored on a trailer coverage is restricted to theft of the entire scheduled vessel including its equipment from a locked garage or locked storage building or a locked fenced enclosure. If secured to a vehicle it must be secured with a trailer ball lock. It is understood and agreed that this insuring agreement does not cover loss or damage caused by the theft of your vessel and/or equipment while stored on a trailer unless occasioned by person or persons making forced entry into the locked fenced enclosure, garage or building and by destruction of the ball lock. Theft must be accompanied by actual force and violence of which there shall be visible marks made by tools, explosives, electricity or chemicals.

In any event a deductible of 10 % of the agreed hull value of the scheduled vessel and/or equipment is to apply to each theft loss, including total loss of the scheduled vessel. However a deductible of 5 % of the agreed hull value of the scheduled vessel shall apply to each theft loss including total loss where the scheduled vessel is stored and or moored in a recognised commercial storage yard or marina.

The deductible shown on the insuring agreement declaration page shall apply to each claim under the insuring agreement except for claims for actual and/or constructive and/or compromised total loss of the scheduled vessel and claims for expenses incurred in attempting to avoid or minimise a loss covered by the insuring agreement, theft losses as referred to above and from a named windstorm as described below.

Loss or damage to the scheduled vessel arising from a Named windstorm shall be subject to a deductible which shall apply to all claims, including Actual and/or Constructive and/or Compromised Total Loss of the insured vessel, equal to double the Hull and Machinery deductible as shown on the declaration page.

## Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses are not covered by this insuring agreement:

a)    Damage sustained by scheduled vessel whilst being transported over land, more than 100 miles from the normal place of storage.

b)    Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould animal and marine life.

c)    Marring, scratching or denting.

d)    Osmosis, blistering or electrolysis.

e)    Manufacturing defects or design defects, including latent defects.

f)    Unrepaired damage claims if the scheduled vessel is subsequently an actual or constructive total loss, due to an insured peril, during the insuring agreement period.

g)    Losses caused directly or indirectly by ice or freezing.

**TLD/3/PPO**

h)    Theft of the dinghy or tender and/or its outboard motor unless stolen together with the insured scheduled vessel from a storage place approved by us for theft coverage, or unless there is visible evidence of forcible entry and or removal made by tools, explosives, electricity or chemicals.

i)    Loss and or damage to the dingy and or tender whilst being towed behind the scheduled vessel.

j)    Damage to the scheduled vessel caused by theft, and/or attempted theft unless coverage would have been provided under the theft provisions and restrictions detailed in Section A.

k)    Your personal expenses or those of your family including but not limited to, cost of your own labour, hotel or accommodation costs, car rental, communication costs.

l)    Losses caused by delay and or loss of use and or enjoyment of the scheduled vessel and or its equipment.

## 4. Coverage B.  Third Party Liability

If a sum insured is shown under section "B" of the insuring agreement declaration page, we provide coverage for any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of scheduled vessel.

We will settle or defend as we deem appropriate any claims or suits brought against you, using attorneys of our choice.  Our obligation to settle or defend all third party liability claims under this insuring agreement ends when the amount we pay for damages, legal expenses and removal of wreck equals the sum insured under this section of the insuring agreement.

The deductibles shown on the insuring agreement declaration page shall apply to each third party liability claim.

### Exclusions to Coverage B

Unless specifically agreed by us in writing and an additional premium paid, Liability cover is not provided for:

a)    Covered persons with regard to their liability to you, other covered persons, your spouse, other members of your family or persons who reside in your household.

b)    Your liability to other covered persons, your spouse, other members of your family or persons who reside in your household.

c)    Liability assumed by you under any contract or agreement.

d)    Liability which arises while the scheduled vessel is being transported on its own trailer or otherwise, except where the vessel is being hauled out or launched by a covered person.

e)    Fines or penalties imposed by any Government agency.

f)    Punitive damages.

g)    Liability due to pollution by any substance whether it be gradual, or sudden and accidental.

h)    Intentional acts.

i)    Bodily injury or death benefits which are required to be or are covered by any State or Federal Act or Statute.

**TLD/3/PPO**                                                 Page 4 of 12

j)   Bodily injury or death benefit to any persons employed by a covered person, hired as crew or not.

k)   Liability to persons being towed, or to be towed, or having been towed in the water or in the air, from the time they commence to leave the scheduled vessel, until they are safely back on board. This exclusion however shall not extend to non competitive water skiing for which limited coverage is provided below

l)   Liability to snorklers and divers operating from the scheduled vessel, from the time they commence to leave your vessel, until they are safely back on board.

m)   Liability to fare paying passengers or passengers carried under charter.

n)   Liability for damage to any marine estuary, artificial or natural reef, living or dead coral or other marine organisms, caused by the vessel or its operators or passengers.

o)   Loss or damage to any other vessel caused by the vessel insured in so far as the same would have been covered under section "A" of this insuring agreement.

p)   Liabilities, medical expenses, costs, fees or any other related expense whatsoever arising out of illness or injury in any way related to or caused by exposure to the sun or the suns rays either cumulatively or suddenly.

q)   Any claim arising from directly or indirectly caused by or associated with Human T-Cell Lymphotropic Virus type III (HILV II) or Lymphadenopathy Associated Virus (LAV) or the mutants derivatives or variations thereof or in any way related to Acquired Immune Deficiency Syndrome or any syndrome or condition of a similar kind howsoever it may be named.

## Coverage B, Water Skiing Coverage Limitation of Liability

Whilst the Insured vessel is being used for water skiing, the third party liability limits are reduced to :

| | |
|---|---|
| Property damage | US $10,000 |
| Bodily Injury | US $10,000 |
| Maximum any one incident | US $20,000 |

These limits shall apply from the time any person or persons begin to leave the scheduled vessel, or such activity commences, and will continue until the person or persons are safely back on board or such activity ceases completely. Nothing herein contained shall be held to vary waive or extend any of the exclusions conditions or other terms of this insuring agreement.

## Coverage B, Extension to include Crew Liability

Subject to our prior written agreement and your payment of an additional premium, we may at your request extend this insuring agreement to cover maintenance and cure and/or Jones Act Liability for hired crew.  We reserve the exclusive right to set the terms, conditions and sum insured in respect of such coverage, or to decline your request.

The maximum amount recoverable in respect of crew liability claims shall be the amount shown on the insuring agreement schedule and shall form part of the maximum recoverable under Section "B", Third Party Liability.

## 5. Coverage C, Medical Payments

If a sum insured is shown under section "C" of the insuring agreement declaration page, we will pay reasonable medical and funeral expenses necessary due to accidental bodily injury of third parties, incurred whilst boarding, leaving or onboard the scheduled vessel insured under this insuring

TLD/3/PPO                                                                 Page 5 of 12

agreement. These expenses must be incurred within one year from the date of the accident and will reduce any amount payable under section "B" of this insuring agreement, arising from the same occurrence.

This coverage will be excess over any other applicable insurance.

Any sum insured under this section is our maximum liability for all claims arising from any one event, regardless of the number of persons involved. Any payment made by us under this section is not an admission of liability for you or by us.

The deductible shown on the insuring agreement declarations page shall apply to each claim made under this section of the insuring agreement.

### Exclusions to Coverage C

We do not provide medical payment coverage for:

a)      Covered persons, their spouses, family or other persons who reside with them. Employees of covered persons or anyone that is or should be covered under a State or Federal Act or Statute.

b)      Responsibility assumed under any contract or agreement.

c)      Anyone injured whilst the scheduled vessel is being transported, hauled out or launched.

d)      Trespassers on the scheduled vessel.

e)      Anyone to or for whom benefits are payable under any Workers Compensation or under "Federal Longshoreman's and Harbour Workers Compensation Act".

## 6. Coverage D, Uninsured Boaters

If a sum insured is shown under section "D" of the insuring agreement declaration sheet, coverage is provided in respect of sums which covered persons under this insuring agreement are legally entitled to recover from a third party vessel owner or operator, but which cannot be recovered either because they have no marine liability insurance and no realisable assets or they cannot be identified, such as a hit and run operator.

The deductible shown on the insuring agreement declaration page shall apply to each claim made under this section of the insuring agreement.

The sum insured in respect of this coverage is our maximum liability for all uninsured boater claims regardless of the number of people involved and the number of claims made.

### Exclusions to Coverage D

We do not provide coverage for:

a)      Claims settled without our prior written consent.

b)      Loss due to an uninsured vessel which is a Government vessel.

c)      Loss due to a vessel operated by a covered person.

d)      Loss where no physical damage to the scheduled vessel exists, evidencing collision.

**TLD/3/PPO**                                                                   Page 6 of 12

### 7. Coverage E, Trailer

If a sum insured is shown under section "E" of the insuring agreement declaration page, we provide coverage for accidental physical loss of or damage to the trailer if it is used exclusively for the transportation of the scheduled vessel insured under this insuring agreement, up to the sum insured.

Claims will be paid up to the limit of the sum insured, on the basis of the actual cost of repairing or replacing the trailer with a trailer of like kind and value. Depreciation due to age and wear and tear will be taken into account in calculating claims under this insuring agreement.

Reasonable expenses incurred by you in attempting to avert or minimise a loss covered by this insuring agreement will be paid by us, whether successful or not. These will be paid in addition to the sum insured under section "E" without application of the insuring agreement deductible, but a coinsurance provision applies whereby we pay 80% and you pay 20% of such expenses.

Theft of the trailer is covered if the trailer is stolen from a marina, locked garage or locked storage building, or from such other storage place and subject to such storage conditions as we have prior approved in writing.

The deductible shown on the insuring agreement declaration page shall apply to each claim under the insuring agreement except for claims for actual or constructive total loss of the scheduled vessel plus trailer and claims for expenses incurred in attempting to avoid or minimise a loss covered by the insuring agreement.

#### Exclusions to Coverage E

a)  Damages sustained by scheduled vessel whilst being transported over land, more than 100 miles from the normal place of storage.

b)  Losses due to wear and tear, gradual deterioration, lack of maintenance, weathering, insects, mould animal or marine life.

c)  Marring, scratching or denting.

d)  Manufacturing defects or design defects, including latent defects.

e)  Tyre damage.

e)  Losses due to exceeding manufacturers maximum load or speed specifications.

f)  Your personal expenses or those of your family including but not limited to, cost of your own labour, hotel or accommodation costs, car rental, communication costs.

### 8. Coverage F, Personal Property

If a sum insured is shown under section "F" of the insuring agreement declaration page, we will cover direct loss or damage to personal property from any accidental cause, whilst property is onboard, being loaded onto, or unloading from the scheduled vessel. Theft losses shall only be recoverable in accordance with the conditions detailed under Section "A". Our maximum liability in respect of all claims arising from one event is the amount of the sum insured and our maximum liability for any one item, pair or set is $1,000.

Fishing gear and tackle, unless permanently affixed to the scheduled vessel, is deemed personal property.

Claims will be settled on the basis of actual cash value of personal property, less the insuring agreement deductible.

**TLD/3/PPO**                                                      Page 7 of 12

We will not cover loss or damage to:

a)   Money, jewellery, watches, travellers cheques or any form of paper of value, furs, china, glass, silverware, antiques, collectibles or computer software.

b)   Fishing gear or tackle which is permanently affixed to the scheduled vessel, unless the scheduled vessel insured hereunder shall become an actual or constructive total loss, due to a peril insured against.

We will not cover losses due to:

a)   Wear and tear, gradual deterioration, inherent vice, corrosion, damage due to changes in humidity or temperature or mechanical or electrical failure.

b)   Breakage of articles of a brittle nature unless caused by the scheduled vessel being stranded, sunk, burnt, on fire, or in collision or by stress of weather, burglars or thieves.

c)   Loss of water-skis or diving equipment, unless as a result of fire, or theft following forcible entry, or a total loss of the scheduled vessel.

## 9. General Conditions & Warranties

a)   It is warranted that the scheduled vessel shall be used solely for private and pleasure purposes, and will not be used for Charter, hire lease or any other commercial activity.

b)   It is warranted that the scheduled vessel is seaworthy at the inception of the insuring agreement. Violation of this warranty will void this insuring agreement from its inception.

c)   This insuring agreement does not cover any loss or damage caused by your failure to exercise due diligence properly to manage the scheduled vessel or maintain it in a seaworthy condition.

d)   This insuring agreement incorporates in full your application for insurance and it constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

e)   This insuring agreement does not cover any loss or damage which occurs after its expiration. However, if you have been at sea in the scheduled vessel for at least 24 hours and this insuring agreement expires other than due to cancellation, you may renew or reinstate the insuring agreement at such time as the scheduled vessel arrives safely at its next port of call and for a further 24 hours provided that you contact us during that 24 hours and make the necessary arrangements as may be required by us to renew or reinstate the insuring agreement.

f)   This insuring agreement may be cancelled by either you or us at any time, subject to 10 days prior written notice. If it is cancelled by us, we will pay you a pro rata return of premium. If it is cancelled by you, we shall pay you a short rate return of premium calculated as pro rata less 10%. However if a reduced premium has been charged in consideration of a period of lay up, the return premium will be calculated based upon the actual activity of the scheduled vessel, and then pro rata or short rate applied. Cancellations due to sale of the scheduled vessel or non-payment of premium, or non-payment of premium instalment to a premium financier are deemed cancellations by you. All policy fees are deemed earned at the inception of the policy.

g)   If you sell or pledge the scheduled vessel or otherwise transfer ownership in part or in full, this insuring agreement is immediately cancelled by your action unless you have our prior written agreement to the contrary.

h)   In the event of a claim under this insuring agreement for an actual or constructive total loss, the annual premium is deemed fully earned.

**TLD/3/PPO**

i)      It is hereby agreed that your brokers or any substituted brokers (whether surplus line approved or otherwise), shall be deemed to be exclusively the agents of you and not of us in any and all matters relating to, connected with or affecting this insurance. Any notice given or mailed by or on behalf of us to the said brokers in connection with or affecting this insurance, or its cancellation, shall be deemed to have been delivered to you.

j)      We need not accept or pay for any property abandoned by you.  At our option however we are entitled to the salvage value of any property or equipment where we have settled a claim in full under this insuring agreement, in respect of such property or equipment.

k)      It is warranted that covered persons must at all times comply with relevant Statutes, Laws, by-laws and US Coast Guard and other regulations, governing the use of the scheduled vessel.

l)      If the scheduled vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order.  This includes the weighing of tanks once a year and recharging as necessary.

m)      If you give up your rights or our rights to recover damages from anyone who may be liable to you, denying us the benefit of the right of recovery, payment of any admissible loss under this insuring agreement shall be reduced by the amount we have been denied.

n)      This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

o)      We will not pay for any loss resulting from i) radioactive contamination, or nuclear reaction ii) pollution or contamination by any substance iii) war declared or not, civil war, insurrection, rebellion, revolution or the consequences of any of these.  iv) Capture, seizure, arrest, restraint or detainment by any government power or authority, lawful or otherwise.

p)      If we take steps to protect damaged or endangered property, this does not constitute acceptance of abandonment of that property by us.

q)      If any covered person has other insurance against property damage loss covered by this insuring agreement, we will only pay the proportion of the claim which our sum insured bears to the total of all the sums insured covering the loss. If this insuring agreement provides liability coverage, this insurance shall be excess over all other valid and collectible liability insurances.

r)      Unless we specifically agree in writing, and the appropriate endorsement is issued, this insurance does not cover loss or liability incurred during a race or speed trial or during preparation for a race or speed trial.

s)      Unless we agree in writing to the contrary, if we request a survey of the scheduled vessel then such survey must be received by us within 30 days of the effective date of this agreement.  If the survey makes any recommendations with respect to the scheduled vessel, then it is an express warranty of this agreement that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either.

        1) The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyors) satisfaction prior to any loss and/or claim

        Or,

        2) The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

**TLD/3/PPO**                                              Page 9 of 12

t)    In no event shall this insurance cover any loss, damage, expense or liability of whatever nature, which might otherwise be recoverable under this insuring agreement arising out of or in any way connected with, whether directly or indirectly, the use or operation of any computer, computer system, computer software, programme or process or any electronic system where any such loss, damage, expense or liability arises directly or indirectly, as a consequence of a) the date change to the year 2000 or any other date change and/or b) any change or modification of or to any such computer, computer system, computer software, programme or process or any electronic system in relation to any such date change.

u)    The scheduled vessel shall be valued at the agreed valuation shown on the declaration page or on any endorsement thereto issued by us. However the following items are subject to payment on the basis of depreciated cash value less the applicable deductible .Depreciated cash value means replacement cost less the annual percentage factor of depreciation shown as follows:

A)  Internal and/or external paints, finishes, gelcoat or other covering - 10% per annum
B)  Bottom paint including but not limited to anti-foul or barrier coat finishes- 50% per annum
C)  Sails, standing and running rigging - 12.5% per annum
D)  Internal and/or external protective covers, canvas, vinyl and other materials - 20% per annum
E)  Internal and/or external upholstery, fabrics, wall coverings, carpets and rugs - 10% per annum
F)  Machinery including but not limited to engines, generators, water makers and waste systems - 7% per annum
G)  Outboard Motors - 20% per annum
H)  Outdrives, propellers, shafts, rudders, struts, couplings, trim tabs, stabilisers - 20% per annum
I)  Batteries and solar charging panels - 20% per annum
J)  Electrical equipment including but not limited to internal and external appliances, winches, pump motors and electric deck gear  - 10% per annum.
K)  Mast and spars – 5% per annum.
L)  Stanchions and lifelines – 10% per annum.
M)  Inflatable, tenders or dinghies – 12.5 % per annum.
N)  Hard FRP, composites, aluminium or wood tenders or dinghies – 10% per annum.

The cost of dry docking and/or lay-days shall be adjusted in accordance with the required time to complete the repair of covered losses.

However in no event shall the depreciation value be less than 20% of the replacement cost. Reasonable labour costs to repair or replace the damaged items following a recoverable claim shall be payable in full subject always to the applicable deductible

If the hull is made in whole or in part of plywood, fibreglass, metal or other material of similar nature its repair shall be made by applying suitable patches to the damaged hull area in accordance with generally accepted good repair practice. This insuring agreement does not cover the cost or expense of painting or impregnating colour beyond the immediate damaged area or areas.

We have the right to settle any physical loss or damage claim under this insuring agreement, either by making payment to you of the estimated loss agreed between you and us, or by making repairs or replacements, like with like, for your lost or damaged property.

v)    No suit or action on this Insuring agreement for the recovery of any claim shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the requirements of this Insuring agreement, nor unless commenced within one (1) year from the date of the happening or the occurrence out of which the claim arose, provided that where such limitation of time is prohibited by the laws of the state wherein this Insuring agreement is issued, then, and in that event, no suit or action under this Insuring agreement shall be

**TLD/3/PPO**                                                          Page 10 of 12

sustainable unless commenced within the shortest limitations permitted under the laws of such state.

w) Where a lay up "laid up period" has been specified within the declaration page, it is warranted that the scheduled vessel will not be used, navigated or utilised. in any manner whatsoever. during the dates so specified. "Use" includes, but is not restricted to, living on board the scheduled vessel.

## 10. Your Duties In The Event Of A Loss

1) Immediately take all possible steps to minimise the loss and protect the scheduled vessel from further loss. Failure to do so may invalidate your insurance coverage or reduce the amount of any claim hereunder.

2) As soon as possible give us notification of the loss and its circumstances.

3) Comply with any reasonable request made of you, by us with regard to the loss.

4) Advise the Police, Coast Guard, or any appropriate authority of the loss and its circumstances.

5) Give us an opportunity to examine the damaged property before it is repaired or discarded.

6) Submit a claim form and/or statement describing the loss, together with two estimates of repair cost and/or records to substantiate the amount of the loss.

7) Neither assume obligation, nor admit liability without our written permission to do so.

8) Immediately forward to us any legal papers or notices received in connection with the loss.

9) Cooperate with us in the investigation, defence or settlement of any loss and agree to be examined under oath if we so request

10) Allow examination by physicians of our choice.

11) Assist us in obtaining copies of medical records and reports.

12) Give us a notarised statement or statutory declaration if we so request.

13) Give us a proof of loss and discharge of liability once the amount of the claim under this insuring agreement has been agreed with you.

14) Preserve any right of recovery from others. When we pay a loss, your right to recover becomes ours up to the amount of our payment together with any legal fees and expenses You must also co-operate with us to recover the losses we may pay. Any amounts recovered from others belong to us up to the amount of our payment together with any legal fees and expenses.

## 11. Service Of Suit Clause

It is agreed that in the event of the failure of the Underwriters severally subscribed to this insurance (The Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriter's right to remove an action to the United States Federal District Court or to seek remand therefrom or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

TLD/3/PPO

Subject to the Underwriters rights set forth above:

a)      It is further agreed that the Assured may serve process upon any senior partner in the firm of:

Goldman & Hellman
730 Fifth Avenue, 9th Floor
New York
NY 10019

and that in any suit instituted against any one of them upon this contract the Underwriters will abide by the final decision of the Court or any Appellate Court in the event of an appeal.

b)      The above named are authorised and directed to accept service of process on behalf of Underwriters in any such suit and/or upon request of the Assured to give written undertaking to the Assured that they will enter a general appearance upon the Underwriters behalf in the event such a suit shall be instituted.

c)      The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account. For the purpose of suit as herein provided the word Assured includes any mortgage under a ship mortgage which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgage.

d)      Further, pursuant to any Statute of any State, Territory or District of the United States of America which makes provision therefore, Underwriters hereby designate the Superintendent, Commissioner or Directors of Insurance or any other officer specified for that purpose in the statute, or his successor or successors in office (The Officer) as their true and lawful attorney upon may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designates the above named as the person to whom the Officer is authorised to mail such process or true copy thereof.

Clause 11 above is subject, in all respects to clause 12 hereafter.

## 12. CHOICE OF LAW

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

JS 44 (Rev. 11/05)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

### I. (a) PLAINTIFFS
GREAT LAKES REINSURANCE (UK) PLC, a foreign corporation

### DEFENDANTS
CANCERIAN LLC, a Delaware Corp., JAMES TIGANI, JR. and MARK BENNETT, individually

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jonathan W. Skipp, Esq., (305) 670-2525
Horr, Novak & Skipp, P.A.
9100 S. Dadeland Blvd., Suite 1104
Miami, Florida 33156

**06-23040**

Attorneys (If Known)

**CIV-GRAHAM**   MAGISTRATE JUDGE O'SULLIVAN

(d) Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:2006 CV 23040/DLG/SJO

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page)
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE ___   DOCKET NUMBER ___

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 U.S.C Sec.2201 et seq., this is an admiralty & maritime action for declaration judgment relief regarding coverage under a Temporary Cover Note for marine insurance.
LENGTH OF TRIAL via 4-5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 12/18/06

FOR OFFICE USE ONLY
AMOUNT $ 350.00   RECEIPT # 951944P
12/18/06